UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK RANKIN            )<br>                                  )<br>     and                      )<br>                                  )<br>KELLY BENNETT       )<br>     Plaintiff   s         )<br>                                  )<br>v.                               )<br>                                  )<br>DAVID HALL, Law Enforcement Officer     )<br>of the Cumberland County Sheriff's Office, in his  )<br>individual and official capacities, ANDREW FEENEY,  )<br>Law Enforcement Officer of the Cumberland County  )<br>Sheriff's Office, in his individual and official capacities,  )<br>and UNKNOWN SHERIFF's OFFICERS and/or   )<br>OFFICIALS, in their individual and official capacities  )<br>     Defendants           ) | Civil Action<br>Docket No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Mark Rankin and Kelley Bennett bring this civil action for injunctive and declaratory relief and damages, and complain as follows:

## INTRODUCTION

1. On or around, November of 2013, Cumberland County Sheriff Officers, including but not limited to, David Hall and Andrew Feeney, were contacted and responded to multiple complaints involving trespass, threatening and harassment by a neighbor who contested the ownership of a private way on the property for which the Plaintiffs were renting.
2. On or around November 22, 2013, Cumberland County Sheriff Officers, as listed above, either negligently or fraudulently and intentionally made misrepresentations to the Plaintiffs that they had determined that the private way was a public way and therefore the Plaintiffs had no exclusive right to its use.
3. The Officers indicated that they had contact code enforcement, an agency that has no authority or sufficient knowledge regarding roads, in investigating the ownership of the road. The town Road Commissioner, on the other hand, confirmed that the road was in fact a private way.

4. Officers issued a summons for obstructing a public way, in which charges were never filed against the Plaintiff, Mark Rankin.

## JURISDICTION AND VENUE

5. This action seeks to vindicate the rights guaranteed by the Fourth Amendment USC Chapter 119 and 18 U.S.C. § 2511, 2518 and under Federal Constitution pursuant to 42 USC § 1983.

6. The Court has jurisdiction of this action under 28 USC § 1343 (a)(3), (4) and has jurisdiction over the Tort Claim under 28 U.S.C. § 1367.

7. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202 to declare the rights of the parties and to grant all further relief found proper and necessary.

8. Venue is proper pursuant to 28 U.S.C. § 139(b).

9. To the extent required by 42 U.S.C. § 1997e, Plaintiff has exhausted his administrative remedies.

## PARTIES

10. Plaintiffs, Mark Rankin and Kelley Bennett are private citizens who were residing at 32 Sandbeach Road in Standish, Maine, when these causes of action occurred.

11. Defendant, David Hall, is a Law Enforcement Officer for the Cumberland County Sheriff's Office in 2013 directly involved in the failure to respond, malicious prosecution and violation of Plaintiffs' constitutional rights.

12. Defendant, Andrew Feeney, is a Law Enforcement Officer for the Cumberland County Sheriff's Office in 2013 directly involved in the failure to respond, malicious prosecution and violation of Plaintiffs' constitutional rights.

13. Unknown Individuals unnamed were also Cumberland County Sheriff employees or agents at the time of the incidents in this claim and who were directly involved in the claim of actions as listed below.

## STATEMENT OF FACTS

14. The complaint arises out of numerous calls and complaints regarding a private way located on or adjacent to 32 Sandbeach Road, in Standish, Maine and subsequent

numerous calls by the Plaintiffs regarding the trespass, harassment and threatening by neighboring property residents.

15. The private way was a paper road that was created as a result of subdivision plan but never put in to place or established for at least ten years, nor was it maintained by the subdivision association or adjacent property owners. The land was overgrown, flooded. Unusable and never used.

16. The Subdivision's abandonment and failure to maintain the road is clear by the sudden stop of pavement at the beginning of the way, despite the Subdivision's other roads and ways being paved and maintained by the Subdivision.

17. The road was abandoned.

18. The issue regarding ownership of the private way and the exclusive right to its use by the owner and renters of 32 Sandbeach Road is a complex subdivision and property law issue.

19. The Law Enforcement Officers did not possess appropriate knowledge or understanding of such laws to make any determination as to the ownership and rights to the private way.

20. Even had Law Enforcement Officers contact Code Enforcement regarding the private way, is neither within the authority of or knowledge and expertise of Code Enforcement to provide information as to the ownership or rights to a private way.

21. The Road Commissioner for the Town, whose authority, expertise and knowledge would allow for making at least a preliminary determination regarding the ownership and rights to the private way, was contacted and indicated that the road was in fact a private way and not a public road.

22. Law Enforcement officers negligently or intentionally failed to properly investigate this issue and without having any reasonable probable cause, issued a summons against Mark Rankin for obstructing a private way.

23. Law Enforcement Officers actions and statements to the Plaintiffs and offending neighboring residents emboldened said residents causing them to trespass, harass and make threats against the Plaintiffs.

24. Plaintiffs made numerous complaints and calls to Law Enforcement Officers of Cumberland County Sheriff's office regarding the trespassing of the neighboring

residents and their continual harassment and threats, which included but was not limited to a formal complaint.

25. Despite the numerous complaints and calls, Law Enforcement Officers refused to respond, and/or investigate, and/or protect the Plaintiff's from the neighboring residents actions.

26. Due to law enforcements failure to respond, enforce the law or protect the Plaintiffs from neighboring residents looking through Plaintiffs' windows while they were changing, carrying of fire arms onto the property of the Plaintiffs, trespassing, removing no trespassing signs, harassing and threating of the Plaintiffs, the Plaintiffs were forced to terminate their lease and were forced to move out of their residence.

## CAUSES OF ACTION

## COUNT ONE – VIOLATION OF FOURTH AMENDMENT

## 42 U.S. Code § 1983

27. Plaintiffs reasserts and re-alleges the allegations in paragraphs 1-26.

28. Hall, Feeney and other unknown Sheriff Officers colluded, conspired and emboldened neighboring residents to harass, threaten and trespass against the Plaintiffs.

29. Hall, Feeney and other unknown Sheriff Officers approved and condoned the harassment, threatening and trespassing against the Plaintiffs by neighboring residents due to their baseless insistence that the private way was public and that neighboring residents having a right to use the way and by the baseless summons against the Plaintiff, Mark Rankin.

30. Hall, Feeney and other unknown Sheriff Officers initiated criminal proceedings against the Plaintiff Mark Rankin without probable cause thereby violating his Fourth Amendment right under the United States Constitution as applied to the State through the Fourteenth Amendment of the United States Constitution.

31. Plaintiffs' security and exclusive right to their property and the private way were taken and seized by Law Enforcements actions in initiating criminal proceedings without probable cause and approving neighboring residents illegal trespass upon Plaintiffs property.

32. As a proximate result of the violation of her constitutional rights, the Plaintiffs have suffered pecuniary loss, emotional distress and other damages for which she seeks compensation.

## COUNT TWO – MALICIOUS PROSECUTION

33. Plaintiff reasserts and re-alleges the allegations in paragraphs 1-32.

34. Hall, Feeney and other unknown Sheriff Officers initiated criminal proceedings without probable cause, with malice and the Plaintiff received favorable termination of the proceedings.

35. As a proximate result of such malicious prosecution, Plaintiff suffered pecuniary loss, emotional distress, physical injury, and other damages for which she seeks compensation.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff requests that the Court:

A. Plaintiff is requesting a Jury Trial.

B. Issue a judgment declaring that the actions of the Defendants as described in this complaint are unlawful and constitute a violation of Plaintiffs' Fourth amendment rights to be secure against any unreasonable search or seizure and of Plaintiff's due process rights in violation of the Fourth Amendment of the Constitution, Article One, Section Six-A of the Maine Constitution and 42 U.S.C. § 1983.

C. Award the Plaintiff compensatory damages for past and future damages including economic loss, emotional and psychological harm in an amount determined to be reasonable.

D. Award Plaintiff punitive damages.

E. Award Plaintiff reasonable attorney's fees and costs.

F. Grant any further relief as the Court considers just and proper.

Dated November 20, 2015                                    Respectfully Submitted,

/s/ Anthony J. Sineni, III
Anthony J. Sineni, III, Esq.
701 Congress St.
Portland, Maine 04102
(207) 772-9053
